FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 24 2017

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**PATRICK E. JONES**                                                **PLAINTIFF**

v.                              Case No. 5:17-cv-221-JLH

**PHILLIP PENNINGTON, D.D.S.**                                      **DEFENDANT**

This case assigned to District Judge Holmes
and to Magistrate Judge Kearney

### NOTICE OF REMOVAL FROM STATE COURT

Comes Defendant, Phillip Pennington, D.D.S., by and through Patrick C. Harris, Acting United States Attorney, Eastern District of Arkansas, and the undersigned, and for her Notice of Removal From State Court of the above captioned cause of action in the 28th State District Court of Drew County, Arkansas, to the United States District Court, Eastern District of Arkansas, Pine Bluff Division, states that:

1.   Plaintiff Patrick E. Jones, proceeding *pro se*, filed a complaint in the 28th State District Court of Drew County, Arkansas on June 5, 2017, Case No. SC-2017-16, against Defendant Phillip Pennington, D.D.S.  See Exhibit A, Plaintiff's Complaint.

2.   The Plaintiff's complaint alleges that the he sustained injuries due to Dr. Pennington's failure, acting within the scope of his employment, to follow the appropriate dental standard of care applicable to him regarding the delivery of dentures.  *Id.* at 2 - 3.

1

3. Dr. Pennington is an employee of Mainline Health Systems, Inc., and was an employee at the time he provided medical care and treatment to Jones in January – May 2017. *See* Exhibit B, Declaration of Phillip Pennington, D.D.S.

4. Mainline Health Systems, Inc. is a federally supported health center, and the Department of Health and Human Services, Health Resources and Services Administration has deemed it an employee of the federal Public Health Service. *See* Exhibit C, Notice of Deeming Action. Therefore, it is insured against medical malpractice claims through the Federal Tort Claims Act. *See* 42 U.S.C. § 233(g) – (n)(Federally Supported Health Centers Assistance Act).

5. The Public Health Services Act, codified at 42 U.S.C. § 233(a), states that:

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment *shall be exclusive of any other civil proceeding* by reason of the same subject matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

(Emphasis added.)

6. Further, 42 U.S.C. § 233(c) provides that:

> Upon certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any

2

such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto.

7. The Acting United States Attorney for the Eastern District of Arkansas certifies that, during the time frame alleged in the Jones's complaint, Phillip Pennington, D.D.S. was acting within the scope of his employment of Mainline Health Systems, Inc., an employee of the United States Department of Health and Human Services, Public Health Service. *See* Exhibit D, Certification of Scope of Employment.

8. The last pleading filed in state court proceeding was an Order Enlarging Time to Answer. *See* Exhibit E, Order Enlarging Time to Answer, filed July 3, 2017. There has been no trial date set on the lower court's docket. Therefore, removal of this action is proper pursuant to 28 U.S.C. §§ 1441(a), 1442(a); and 42 U.S.C. § 233(c). *See e.g., Celestine v. Mount Vernon Neighborhood Health Center*, 403 F. 3d 76, 81 (2d Cir. 2005).

8. Dr. Pennington has a federal defense to the Plaintiff's Complaint against him, to wit, absolute immunity pursuant to 28 U.S.C. § 2679.

WHEREFORE, Defendant, Phillip Pennington, D.D.S., a federal employee sued for actions conducted within the scope of his employment, hereby gives notice that the above captioned cause of action is removed from the 28th State District Court of Drew County, Arkansas to the United States District Court, Eastern District of Arkansas, Pine Bluff Division.

Respectfully submitted,

Patrick C. Harris
Acting United States Attorney
Eastern District of Arkansas

By: /s/ Lindsey Mitcham Lorence
Lindsey Mitcham Lorence
Arkansas Bar No. 96183
Assistant United States Attorney
P.O. Box 1229
Little Rock, Arkansas 72203
(501) 340-2600
lindsey.lorence@usdoj.gov

**CERTIFICATE OF SERVICE**

This will certify that a true and correct copy of the foregoing was sent United States Postal Service, postage prepaid, to the following on this **24th** day of August, 2017:

Patrick E. Jones
Post Office Box 32
Wilmar, AR 71675

/s/ Lindsey Mitcham Lorence
Lindsey Mitcham Lorence
Assistant United States Attorney

06-07-17  14:27  FROM-  DERMOTT MEDICAL        8705389710              T-725  P0002   F-402

JUN 05 2017

# 28TH STATE DISTRICT COURT OF DREW COUNTY

## COMPLAINT

CASE NUMBER __SC-17-16__

✓ SMALL CLAIMS _____ CIVIL DIVISION

PLAINTIFF: __Patrick E. Jones__ TELEPHONE: __870-469-4003__

ADDRESS: __P.O. Box 32  Wilmar, AR 71675__

DEFENDANT: __Phillip Pennington D.D.S__

ADDRESS: __300 S. School St. Dermott, AR. 71638__

NATURE OF CLAIM: __Contract Breach__

AMOUNT OF RELEIF CLAIMED $__4646.00__ DATE CLAIM AROSE __1-11-17__

FACTS SHOWING WHY CLAIM IS OWED:

__See Attachment__

__Pat Jones__
Signature of Plaintiff

Original: Court

Copies: Defendant    Sheriff / Process Server (2)


GOVERNMENT EXHIBIT A

RECEIVED 06-07-'17 14:32    FROM- 8705389710         TO-                P0002/0005

The nature of this complaint is due to poorly-fitting dentures and failure to provide the standard of care as mandated by the ADA and that care deviated from the dental standard of care in his community, and as a result of that deviation I sustained injuries. *The dental standard of care is* "that level of care which competent dentists in the community would have provided to a patient under similar circumstances."

*Dermott, Ar*

Upon the need to have dentures I first visited a dentist located in ~~Star City~~ *Pr*, Arkansas by the name of *Pennington*. She extracted two teeth. I was then told by phone she was leaving and to go to Mainline but had to wait for them to hire a dentist.

My first visit to Mainline Clinic in ~~Crossett~~ *Dermott* was in October wherein I had two teeth extracted by Phillip Pennington, DDS. On the October visit I was informed that all clinic visit fees needed to be paid to continue with the process. Upon receiving a call from the dentist office, I was then told in order to proceed I had to pay the full cost of the dentures before they could proceed. By November I had the money and went to pay my account in full in November. This information was not told to me at my initial visit to the clinic in September.

In late November I had to go for the impressions to be made. The office then informed me they would call me to make the bnext appointment and that I could not make it at the time I was there. I waited for two weeks with no call from the dentist office. I called to remind them that I had in fact paid all required fees and now they are responsible for all steps to in efforts to complete the process for getting the dentures. My appointment was made before Thanksgiving.

p1 of 3

In December I received my dentures and immediately had problems eating and speaking due to them cutting into my gums and my cheeks.

In January I made three visits for attempted adjustments but they were unsuccessful. They informed me that additional fees were needed but I informed them they told me it was covered in the price that was paid already.

While repeatedly being given the runaround I went to seek advice from another dentist. That dentist informed me that they were poorly made and would not, could not fix a problem that was already too badly made. He did however suggest another process but was very costly due to my current income.

I have endured severe pain, mental anguish and financial burden due to his failure to provide the standard amount of care as required.

p2 of 3

28TH STATE DISTRICT COURT
MONTICELLO DEPARTMENT

JUN 05 2017

28th STATE DISTRICT COURT OF ~~BRADLEY~~ DREW COUNTY, ARKANSAS

AM 7|8|9|10|11|12|1|2|3|4|5|6| PM

SUMMONS

PATRICK Jones     PLAINTIFF

VS.    CASE NO. SC-17-16

Phillip Pennington D.D.S     DEFENDANT

## NOTICE

1. You are hereby notified that a lawsuit has been filed against you; the relief asked is stated in the attached complaint.
2. The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a pleading and thereafter appear and represent your defense. Your pleading or answer must meet the following requirements:

   A. It must be in writing and otherwise comply with the Arkansas Rules of Civil Procedure.
   B. It must be filed in the court clerk's office within 30 days from the day you were served with the summons.

3. If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can filed for you within the time allowed.

Amount for which Plaintiff may take judgment if you fail to appear,
Exclusive of interest    $ 4646 oo
Court Fees    $ 65
Service Fees    $ 10 oo
Total    $ 4721 oo

Witness my hand and the seal of the court this 5 day of June, 2017.

Julie Watkins
District Clerk
107 E. Jackson
Monticello,
AR 71655

_____
Clerk

Copies:
Sheriff/Process Server (2)

gan 11



## Declaration of Dr. Phillip Pennington

1. I, Phillip Pennington, D.D.S., am licensed general dentistry to practice in the state of Arkansas.

2. I have been employed by Mainline Health Systems, Inc. since September 22, 2014.

3. I have not billed privately for the medical services provided to Patrick E. Jones.

4. I have not received monetary compensation for the services provided to Patrick E. Jones, from any third party payers, including Medicaid, nor any other source, other than the regular compensation received from Mainline Health Systems, Inc.

5. I have not been employed by any other health center's facility and/or private medical facility, other than Mainline Health Systems, Inc. during the time alleged in the complaint.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this __7__ day __July__, 2017.

_Phillip Pennington DDS_
Phillip Pennington, D.D.S.



P.O. Box 509    Dermott, AR 71638    870.538.5414    Fax 870.538.5412

| | |
|---|---|
| **1. ISSUE DATE:** 6/23/2016 | |
| **2a. FTCA DEEMING NOTICE NO.:** 1-F00000066-16-01 | |
| **2b. Supersedes:** [ ] | |
| **3. COVERAGE PERIOD:** FROM: 1/1/2017 THROUGH: 12/31/2017 | DEPARTMENT OF HEALTH AND HUMAN SERVICES HEALTH RESOURCES AND SERVICES ADMINISTRATION |
| **4. NOTICE TYPE:** Renewal | |
| **5a. ENTITY NAME AND ADDRESS:** MAINLINE HEALTH SYSTEMS, INC. PO BOX 100PORTLAND, AR 71663-0010 PORTLAND, AR | **HRSA** NOTICE OF DEEMING ACTION FEDERAL TORT CLAIMS ACT AUTHORIZATION: Federally Supported Health Centers Assistance Act (FSHCAA), as amended, Sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. § 233(g)-(n) |
| **6. ENTITY TYPE:** Grantee | |
| **7. EXECUTIVE DIRECTOR:** Nichols A Gary | |
| **8a. GRANTEE ORGANIZATION:** MAINLINE HEALTH SYSTEMS, INC. | |
| **8b. GRANT NUMBER:** H80CS00638 | |

**9. THIS ACTION IS BASED ON THE INFORMATION SUBMITTED TO, AND AS APPROVED BY HRSA, AS REQUIRED UNDER 42 U.S.C. § 233(h) FOR THE ABOVE TITLED ENTITY AND IS SUBJECT TO THE TERMS AND CONDITIONS INCORPORATED EITHER DIRECTLY OR BY REFERENCE IN THE FOLLOWING:**

 a. The authorizing program legislation cited above.
 b. The program regulation cited above, and,
 c. HRSA's FTCA-related policies and procedures.

In the event there are conflicting or otherwise inconsistent policies applicable to the program, the above order of precedence shall prevail.

**10. Remarks:**

GOVERNMENT EXHIBIT C

| FTCA DEEMING NOTICE NO.: 1-F00000066-16-01 | GRANT NUMBER: H80CS00638 |  |

**MAINLINE HEALTH SYSTEMS, INC.
PO BOX 100PORTLAND, AR 71663-0010
PORTLAND, AR**

Dear Nichols A Gary:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems MAINLINE HEALTH SYSTEMS, INC. to be an employee of the PHS, for the purposes of section 224, effective 1/1/2017 through 12/31/2017.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both MAINLINE HEALTH SYSTEMS, INC. and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at

| FTCA DEEMING NOTICE NO.:<br>1-F00000066-14-01 | GRANT NUMBER:<br>H80CS00638 |  |
|---|---|---|

**MAINLINE HEALTH SYSTEMS, INC.**
**POST OFFICE BOX 100**
**PORTLAND, AR71663-0010**

Dear Gary A Nichols:

The Health Resources and Services Administration (HRSA), in accordance with the Federally Supported Health Centers Assistance Act (FSHCAA), as amended, sections 224(g)-(n) of the Public Health Service (PHS) Act, 42 U.S.C. §§ 233(g)-(n), deems MAINLINE HEALTH SYSTEMS, INC. to be an employee of the PHS, for the purposes of section 224, effective 1/1/2015 through 12/31/2015.

Section 224(a) of the PHS Act provides liability protection under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2672, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under the FTCA, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment. This protection is exclusive of any other civil action or proceeding. Coverage extends to deemed entities and their (1) officers; (2) governing board members; (3) full- and part-time employees; and (4) contractors who are licensed or certified individual health care practitioners providing full-time services (i.e., on average at least 32½ hours per week for the entity for the period of the contract), or, if providing an average of less than 32½ hours per week of such service, are licensed or certified providers in the fields of family practice, general internal medicine, general pediatrics, or obstetrics/gynecology. Volunteers are neither employees nor contractors and therefore are not eligible for FTCA coverage under FSHCAA.

This Notice of Deeming Action (NDA) is also confirmation of medical malpractice coverage for both MAINLINE HEALTH SYSTEMS, INC. and its covered individuals as described above. This NDA, along with documentation confirming employment or contractor status with the deemed entity, may be used to show liability coverage for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions by PHS employees while acting within the scope of such employment.

In addition, FTCA coverage is comparable to an "occurrence" policy without a monetary cap. Therefore, any coverage limits that may be mandated by other organizations are met.

This action is based on the information provided in your FTCA deeming application, as required under 42 U.S.C. § 233(h), with regard to your entity's: (1) implementation of appropriate policies and procedures to reduce the risk of malpractice and litigation; (2) review and verification of professional credentials and privileges, references, claims history, fitness, professional review organization findings, and licensure status of health professionals; (3) cooperation with the Department of Justice (DOJ) in the defense of claims and actions to prevent claims in the future; and (4) cooperation with DOJ in providing information related to previous malpractice claims history.

Deemed health centers must continue to receive funding under Section 330 of the PHS Act, 42 U.S.C. § 254b, in order to maintain coverage as a deemed PHS employee. If the deemed entity loses its Section 330 funding, such coverage will end immediately upon termination of the grant. In addition to the relevant statutory and regulatory requirements, every deemed health center is expected to follow HRSA's FTCA-related policies and procedures, which may be found online at http://www.bphc.hrsa.gov.

For further information, please contact your HRSA Project Officer as listed on your Notice of Grant Award or the Bureau of Primary Health Care (BPHC) Help Line at 1-877-974-2742 or bphchelpline@hrsa.gov.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**PATRICK E. JONES**                                                                 **PLAINTIFF**

v.                                       Case No. _____

**PHILLIP PENNINGTON, D.D.S.**                                           **DEFENDANT**

**CERTIFICATION OF SCOPE OF EMPLOYMENT**

As Acting United States Attorney for the Eastern District of Arkansas, pursuant to the provisions of 42 U.S.C. § 233(c) and by virtue of the authority vested in me by the Attorney General under 28 C.F.R. § 15.3, I hereby certify as follows:

On the basis of the information now available, with respect to the allegations contained in Plaintiff Patrick E. Jones's Complaint, Defendant Phillip Pennington, D.D.S. was acting within the scope of his employment at Mainline Health Systems, Inc. Mainline Health Systems, Inc. is a federally supported health center of the United States Department of Health and Human Services, Public Health Service. *See* Attachment No. 1, Declaration of Meredith Torres, Senior Attorney, General Law Division, Office of General Counsel, Department of Health and Human Services.

Dated this \_\_24\_\_ day of August, 2017.

Patrick C. Harris
Acting United States Attorney
Eastern District of Arkansas

GOVERNMENT EXHIBIT

# ATTACHMENT 1

# ATTACHMENT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

|  |  |
|---|---|
| Patrick E. Jones, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Phillip Pennington, D.D.S., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF MEREDITH TORRES

1. I am a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services (the "Department"). I am familiar with the official records of administrative tort claims maintained by the Department as well as with the system by which those records are maintained.

2. The Department has a Claims Office that maintains in a computerized database a record of administrative tort claims filed with the Department, including those filed with respect to federally supported health centers that have been deemed to be eligible for Federal Tort Claims Act malpractice coverage.

3. As a consequence, if a tort claim had been filed with the Department with respect to Mainline Health Systems, Inc., its approved delivery sites or its employees and/or qualified contractors, a record of that filing would be maintained in the Claims Branch's database.

4. I have caused a search of the Claims Branch's database to be conducted and found

1

no record of an administrative tort claim filed by Patrick E. Jones, and/or an authorized representative relating to Phillip Pennington, D.D.S.

5. I have also reviewed official agency records and determined that Mainline Health Systems, Inc., was deemed eligible for Federal Tort Claims Act malpractice coverage effective January 1, 2015, January 1, 2016 and January 1, 2017. The Secretary of Health and Human Services' authority to deem entities as Public Health Service employee under § 233(g) has been delegated to the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration. Dermott Dental Clinic, located at 300 South School Street, Dermott, Arkansas 71638, (is an approved delivery site of Mainline Health Systems, Inc., PHS grantee, physical location at 106 East Speedway, Dermott, Arkansas 71655). A copy of the notification issued by the Associate Administrator, Bureau of Primary Health Care, Health Resources and Services Administration, Department of Health and Human Services to Mainline Health Systems, Inc., is attached to this declaration as Exhibit 1.

6. Official agency records also indicate that Phillip Pennington, D.D.S., was an employee of Mainline Health Systems, Inc., at all times relevant to the complaint in this case.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated at Washington, D.C., this 17th day of August, 2017

*/s/ Meredith Torres*

MEREDITH TORRES
Senior Attorney, Claims and Employment Law
General Law Division
Office of the General Counsel
Department of Health and Human Services

2

IN THE 28TH DISTRICT COURT OF DREW COUNTY

FILED
28TH STATE DISTRICT COURT
MONTICELLO DEPARTMENT

JUL 03 2017

AM  PM
7|8|9|10|11|12|1|2|3|4|5|6|

PATRICK E. JONES                                              PLAINTIFF

vs.                    Case No. SC-17-16

PHILLIP PENNINGTON DDS                                        DEFENDANT

### ORDER ENLARGING TIME TO ANSWER

ON THIS 3rd day of July, comes on to be heard the Defendant's Motion to Extend Time to Answer. Upon consideration of the facts presented, the Court finds:

1. That the Court has jurisdiction over the parties and subject matter;

2. That the Defendant's Motion should be granted and the time in which Defendant must answer is hereby extended to the 7th day of September, 2017.

IT IS SO ORDERED.

_____
DISTRICT JUDGE

