# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**PATRICK E. JONES**                                                      **PLAINTIFF**

**v.**                         **Case No. 5:17-cv-221 (JLH)**

**PHILLIP PENNINGTON, D.D.S.**                             **DEFENDANT**

## MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Comes Defendant, the United States of America, by and through Patrick C. Harris, Acting United States Attorney, Eastern District of Arkansas, and the undersigned, and for its Motion to Dismiss for Lack of Subject Matter Jurisdiction, states that:

1. This is an action for medical injury under the Federal Tort Claims Act, codified at 28 U.S.C. § 2671, *et seq.*, which is therefore prosecuted in substance under the Arkansas Medical Malpractice Act, codified at Ark. Code Ann. §§ 16-114-201-209.

2. However, the United States can only be sued when it has expressly given its consent to be sued. *Coleman v. Espy*, 986 F. 2d 1184, 1191 (8th Cir. 1993).

3. Sovereign immunity is jurisdictional. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 463 U.S. 206, 212 (1983). If sovereign immunity is applicable, the court lacks subject matter jurisdiction. *Id.*

4.	The Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671 – 2680, provides a limited waiver of sovereign immunity for torts against the United States, if the claimant first presented his claim to the appropriate federal agency. 28 U.S.C. § 2675(a); 28 U.S.C. § 2401(b).

5.	In the instant case, Plaintiff Patrick Jones did not first present his claim to the Department of Veterans Affairs before he filed suit against the United States of America.  *See* Exhibit A, Declaration of Meredith Torres, Senior Attorney, Office of General Counsel, Department of Health and Human Services.

6.	Thus, because Jones failed to first exhaust an administrative claim, the United States is immune from suit by him.  *See Bellecourt v. United States*, 994 F. 2d 427, 430 (8th Cir 1993).

7.	Therefore, this Court lacks subject matter jurisdiction over the claims brought by Plaintiff.  Fed. R. Civ. P. 12(b)(1).

8.	A Brief in Support of Motion for Summary Judgment is filed herewith and incorporated herein.

WHEREFORE, the United States of America prays that the Court grant its Motion to Dismiss for Lack of Subject Matter Jurisdiction, and that the Plaintiff's Complaint against it be dismissed.

Respectfully submitted,

Patrick C. Harris
Acting United States Attorney
Eastern District of Arkansas

By:   /s/ *Lindsey Lorence*
      _____
      Lindsey Mitcham Lorence
      Arkansas Bar No. 96183
      Assistant United States Attorney
      P.O. Box 1229
      Little Rock, Arkansas 72203
      (501) 340-2600
      lindsey.lorence@usdoj.gov

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing was sent United States Postal Service, postage prepaid, to the following on this 14th day of September, 2017:

Patrick E. Jones
Post Office Box 32
Wilmar, AR 71675

/s/ *Lindsey Lorence*
_____
Lindsey Mitcham Lorence
Assistant United States Attorney